# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF INDIANA, <br>     Plaintiffs, <br><br>     v. <br><br> DON J. WAGONER and WAGONER MEDICAL CENTER, LLC., <br>     Defendants. | ) ) ) ) ) ) ) ) ) | CAUSE NO.: 2:17-CV-478-TLS-JEM |

## OPINION AND ORDER

This matter is before the Court on a Motion to Reconsider Court's Order Granting Plaintiffs' (sic) Leave to Amend the Complaint [DE 51], filed by Defendants on September 26, 2019. Defendants request that the Court reconsider its Order of September 12, 2019, granting Plaintiffs leave to file an Amended Complaint. Plaintiffs filed a response on October 10, 2019, and on October 17, 2019, Defendants filed a reply.

### I.  Background

On December 29, 2017, Plaintiffs filed their Complaint including claims arising under the False Claims Act and the Indiana Medicaid False Claims and Whistleblower Protection Act alleging that Defendants utilized false and fraudulent billings for medical services. Plaintiffs filed an Amended Complaint on January 18, 2019 to include updated claims and parties after Defendants' motion to dismiss was granted in part. At the preliminary pretrial conference, the Court set a deadline of June 10, 2019, for Plaintiffs to file any additional motions for leave to amend the pleadings, and a deadline of July 10, 2019 for Defendants to request leave to amend. On July 10, 2019, Plaintiffs filed a motion for leave to amend, and it was granted over Defendants' objection on September 12, 2019. Defendants now move the Court to reconsider the Order allowing amendment.

## II. Standard of Review

A motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

## III. Analysis

Defendants argue that the Court applied the wrong legal standard in deciding that amendment was appropriate and dispute the reasons given by Plaintiffs for needing to amend the Complaint.

In their original motion, Plaintiffs asserted that they could not have moved to amend any earlier, since they did not learn about the aspect of alleged over-billing until they received their expert's report describing the drug screen tests and his evaluation that the test results were not used for clinical purposes of patient cases. Defendants argued then and again now that Plaintiffs had information from the criminal case against Defendant Wagoner prior to receiving the expert report,

so that there was no newly-required information. This argument not only could have been made during the prior motion, but was made, and the Court addressed it in the earlier opinion. ("Plaintiffs . . . seek to amend the Complaint to add ways in which the submissions to the Indiana Medicaid Program are alleged to be false and fraudulent. . . Plaintiffs argue that they did not learn about the aspect of alleged over-billing until they received their expert's report describing the drug screen tests and his evaluation that the test results were not used for clinical purposes of patient cases, so they could not have moved to amend any earlier."). The Court did not misunderstand Defendants' argument, and concluded that the analysis in the expert report was sufficiently new information.

Defendants also argue that the Court applied the wrong standard. They argue that Plaintiffs never properly moved for an extension of the deadline to amend and did not meet the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4) for an extension after the deadline has expired.

In the Order, the Court laid out the general standard for extensions of time, as well as the Rule 16 good cause standard. The Court accepted Plaintiffs' explanation that they only calendared Defendants' July 10, 2019, deadline for moving to amend the pleadings and therefore did not realize the Motion to Amend was untimely when it was filed, and so did not realize an extension was necessary when the motion was filed. Defendants now argue that a calendaring error cannot be considered excusable neglect under Rule 6, so the Court erred in finding good cause to allow the late motion to amend under the heightened standard of Rule 16. However, the Court expressly found that Plaintiffs had acted diligently and gave its consent to modify the scheduling order pursuant to Federal Rule of Civil Procedure 16(b). Although Defendants may disagree with that conclusion, the Court did not misunderstand their argument in the initial briefing, nor has there been a change in law or facts that would justify reconsideration.

Defendants also argue that the Court applied the wrong standard in finding that amendment was appropriate. Although it is somewhat difficult to ascertain the standard that Defendants believe the Court should have applied, the gist of their argument appears to be that since they do not believe Plaintiffs were sufficiently diligent in seeking leave to amend, the Court should not have addressed whether amendment is appropriate under Rule 15. In its Order, the Court addressed the standard laid out by the Seventh Circuit Court of Appeals: amendment is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d. 239, 632 (7th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)). The Court concluded that Plaintiffs did not act in bad faith, and that any prejudice would be limited by allowing discovery. Although Defendants are unhappy that new claims have been added, they have not identified any errors or change in fact or law requiring reconsideration.

## IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Motion to Reconsider Court's Order Granting Plaintiffs' (sic) Leave to Amend the Complaint [DE 51].

SO ORDERED this 22nd day of October, 2019.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:    All counsel of record