UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF INDIANA, | |
| Plaintiffs, | |
| v. | CAUSE NO. 2:17-CV-478-TLS-JEM |
| DON J. WAGONER and WAGONER MEDICAL CENTER, L.L.C., | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Rule 72(a) Objection to Order Denying Motion for Reconsideration [ECF No. 61]. The Defendants seek review under Federal Rule of Civil Procedure 72(a) of the October 22, 2019, Opinion and Order denying the Defendants' Motion to Reconsider Court's Order Granting the Plaintiffs' Leave to Amend the Complaint [ECF No. 54]. The Plaintiffs filed a Memorandum In Opposition [ECF No. 65]. For the reasons set forth below, the Court OVERRULES the Defendants' Objection, and ACCEPTS the Third Amended Complaint.

**BACKGROUND**

This case raises various claims related to an alleged scheme run by the Defendants to defraud Medicaid. The Plaintiffs filed their original Complaint December 29, 2017 [ECF No. 1]. On December 13, 2018, the Court set June 10, 2019, as the deadline for the Plaintiffs to file any Motion to Amend the pleadings and July 10, 2019, as the deadline for the Defendants [ECF No. 34]. The Plaintiffs filed the first Amended Complaint on January 18, 2019 [ECF No. 38].

On July 10, 2019, the Plaintiffs moved to file a Second Amended Complaint [ECF No. 43].[1] The Motion explained that the Plaintiffs discovered that the Medicaid claims for urine drug screen tests were false and fraudulent for an additional, as-yet-unpled reason: the screens were not used for patient care and thus lacked any medical necessity. Mot. for Leave to File the Second Am. Compl. and Jury Demand of Pls. United States of America and State of Indiana ¶ 1, ECF No. 43. The Motion did not argue any particular standard but noted that the expert disclosures explained in detail the basis for the "additional, clarifying allegations" in the Second Amended Complaint. *Id.* at 3.

The Defendants opposed the Plaintiff's Motion [ECF No. 44]. The Defendants argued that the Plaintiffs had failed to establish good cause under Rule 16(b)(4), because the new theory of the case was based on an expert whose qualifications the Defendants challenged,[2] and whom the Defendants argued the Plaintiffs had selected specifically to develop this new theory, describing it as "bought-and-paid for." Defs.' Resp. Objecting to Pls.' Mot. for Leave to File a Second Am. Compl. 11, ECF No. 44. The Defendants also argued that the evidence had been in the Plaintiffs' possession for nearly seven years and was thus not newly discovered. *Id.* at 10.

The Plaintiffs replied, arguing under Rule 16(b)(4) that their Motion met the standard as only the expert's review allowed them to draft the proposed Second Amended Complaint. Pls.'

---

[1] Subsequent to all the briefing on the Motion for Leave to File the Second Amended Complaint and Motion to Reconsider, the parties by agreement filed a Third Amended Complaint that addressed a separate issue. *See* Joint Mot. of All Parties Regarding Discovery and for Leave for Pls. to File a Third Am. Compl., ECF No. 81; Jan. 15, 2020 Order, ECF No. 82. However, the Defendants did not waive "any previous objections." Joint Mot. 2 ¶ 3. Therefore, the Defendants' Rule 72(a) Objection to the Second Amended Complaint remained pending. However, because the Court is overruling the Defendant's objection in this Opinion, the Third Amended Complaint will be the operative complaint.

[2] Eventually the Defendants filed their Motion to Exclude Testimony Regarding Clinical Appropriateness [ECF No. 59], challenging the new expert report under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993). However, that Motion was not filed until October 31, 2019, and was not on the record at any point during the events described.

Reply Mem. in Support of the Mot. for Leave to File 8–9, ECF No. 45. Specifically, the Plaintiffs identified an expert's report, generated on June 28, 2019, as the source of the new theory; until they had the report, they could not have drafted the proposed Second Amended Complaint; thus, despite their diligence, the Plaintiffs needed a modification of the Court's scheduling order to amend the pleadings after their June 10, 2019 deadline. *Id.* In explaining why their initial motion did not request the necessary modification of the scheduling order, the Plaintiffs explained that they had inadvertently mis-calendared the due date as July 10, 2019, the Defendants' deadline, thus failing to move for an extension in their first Motion for Leave—but noting that they would have done so. *Id.* at 9 n.10.

On September 12, 2019, the Magistrate Judge granted the Motion for Leave to Amend. *See* Sept. 12, 2019 Order 4, ECF No. 46. The Order held that (1) the Plaintiffs acted diligently such that good cause for modifying the order was shown, as required by Rules 16(b)(4) and (6)(b)(1); (2) the failure to request an extension before the deadline was due to excusable neglect, so the Magistrate Judge declined to deny the Motion for untimeliness, pursuant to Rule 6(b)(1)(B); and (3) under Rule 15(a)(2) and its associated case law, no bad faith or undue prejudice applied, and thus leave to amend was appropriate.

On September 26, 2019, the Defendants filed a Motion to Reconsider Court's Order Granting Plaintiffs' Leave to Amend the Complaint [ECF No. 51]. The Defendants made three arguments. First, the Defendants expanded their previous argument that the evidence was not newly acquired, emphasizing that (i) the criminal case, to which the Plaintiff State of Indiana was a party, contained the same information and (ii) the subpoena for the records on which the new expert report is based was issued four months earlier. Defs.' Mot. to Reconsider 2–3, ECF No. 51. Second, the Defendants also challenged the Plaintiffs' failure to move to extend the

3

scheduling deadline; specifically, the Defendants pointed out that "failing to calendar the deadline is not sufficient to show excusable neglect." *Id.* at 6 (citing *Naudv v. City of Rockford*, No. 09 cv 50074, 2013 WL 4447028, at *5 (N.D. Ill. Aug. 16, 2013) (citing *Lapsley v. Fries*, 1:11-cv-99, 2012 WL 2721909 (N.D. Ind. July 9, 2012) (no excusable neglect where counsel mis-calendared discovery deadline)). Third, the Defendants contend the Magistrate Judge applied the wrong standard in reaching his conclusion. The Defendants, citing the September 12, 2019, Order, argued the Magistrate Judge applied the Rule 15(a)(2) bad faith and undue prejudice analysis instead of the Rule 16(b) analysis. *Id.* at 6–7.

The Plaintiffs responded. *See* Mem. of Pls.' United States of America and State of Indiana in Opp. to Defs.' Mot. to Reconsider, ECF No. 52. As relevant, the Plaintiffs argued that (1) they did not know the expert had reviewed medical records in the criminal case until "a few days before" receiving his expert report; and (2) having the medical records does not mean the Plaintiffs knew the information the expert recently provided because an expert was required for the theory to take shape. *Id.* at 5. Next, the Plaintiffs addressed the timing of their Motion for Leave to Amend. Citing *Tschantz v. McCann*, 160 F.R.D. 568 (N.D. Ind. 1995), the Plaintiffs articulated that they could not have filed their motion any earlier and thus argued that they had satisfied good cause. Having met the Rule 16(b)(4) standard, the Plaintiffs observed that the Magistrate Judge correctly next applied Rule 15(a)(2)—by considering whether the Plaintiffs acted in bad faith and the Defendants would suffer undue prejudice. *Id.* 7–10. The Plaintiffs finally addressed Rule 6(b)(1)(B), identifying it as the Rule under which the Magistrate Judge allowed the belated Motion for Leave to Amend. *Id*. at 11–12.

The Defendants replied, arguing again that the Plaintiffs had not acted with diligence because there was no newly discovered evidence. The Defendants also argued for the first time

4

that the Plaintiffs were not seeking to amend in good faith and that the Plaintiffs' amendment was futile. Defs.' Reply in Supp. of Mot. to Reconsider 2–13, ECF No. 53.

The Magistrate Judge denied the Motion to Reconsider [ECF No. 54]. The Magistrate Judge articulated the standard for reconsideration, reaffirmed his conclusion that the Plaintiffs had shown good cause and that the correct standard was applied, and noted, "Although Defendants are unhappy that new claims have been added, they have not identified any errors or change in fact or law requiring reconsideration." Oct. 22, 2019 Op. & Order 4, ECF No. 54.

The Defendants filed a Rule 72(a) Objection to the Order Denying the Motion for Reconsideration [ECF No. 61], which is now before the Court. In their Objection, the Defendants reiterate their arguments that (i) mis-calendaring is not excusable neglect and (ii) the Plaintiffs did not recently acquire the information. The Plaintiffs filed a Memorandum In Opposition [ECF No. 65], which similarly reiterates their earlier responses.

**LEGAL STANDARDS**

1.  *Review of a Magistrate Judge's Decision on Non-Dispositive Motions Under Rule 72(a)*

Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pre-trial matter within fourteen days. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

2.     *Motions for Reconsideration*

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)); *see also Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). "A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *CBI Indus., Inc.*, 90 F.3d at 1269).

3.     *Amending the Complaint After the Scheduled Deadline*

Under Rule 16(b)(4), "Modifying a Schedule," "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In investigating good cause under Rule 16(b), "the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011), cited in Judge Martin's September 12, 2019 Order, ECF No. 46. Rule 6(b)(1) similarly provides that "the court may, for good cause, extend the time: (B) on a motion made after the time has expired if the party failed to act because of excusable neglect."

Once good cause is established and the schedule is modified to provide time to amend, the more usual analysis under Rule 15(a)(2), "Other Amendments," applies to determine whether a party may amend: "a party may amend its pleading only with the opposing party's written

6

consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

## ANALYSIS

In seeking review of the Magistrate Judge's October 22, 2019, Order denying the Motion to Reconsider, the Defendants only object that the Magistrate Judge (i) misapplied the excusable neglect standard; and (ii) the evidence was not newly acquired. The Court finds that the Magistrate Judge's Order was not clearly erroneous or contrary to law.

First, the Order applies the correct standard for a Motion to Reconsider, noting that

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*See* Oct. 22, 2019 Op. & Order 2 (citing *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

The Order denying the Motion to Reconsider properly addresses each of the points the Defendant raises as objections. First, as to excusable neglect and the appropriate standard, the Magistrate Judge explains:

> The Court accepted Plaintiffs' explanation that they only calendared Defendants' July 10, 2019, deadline for moving to amend the pleadings and therefore did not realize the Motion to Amend was untimely when filed, and so did not realize an extension was necessary when the motion was filed. Defendants now argue that a calendaring error cannot be considered excusable neglect under Rule 6, so the Court erred in finding good cause to allow the late motion to amend under the heightened standard of Rule 16. However, the Court expressly found that Plaintiffs had acted diligently and gave its consent to modify the scheduling order pursuant to Federal Rule of Civil Procedure 16(b). Although Defendants may disagree with that conclusion, the Court did not misunderstand their argument in the initial briefing, nor has there been a change in law or facts that would justify

7

reconsideration.

Oct. 22, 2019 Op. & Order 3. The Magistrate Judge applied the correct standard on a Motion to Reconsider, and the Court cannot conclude he made any decision contrary to law. In the original Order granting leave to amend, he first concluded the Plaintiffs had demonstrated good cause to modify the scheduled order, pursuant to Rule 16(b)(4); next considered whether to grant the leave to amend under Rule 15(a)(2); and only considered whether the Plaintiffs' late request to do so was excusable neglect, pursuant to Rule 6(b)(1). *See* Oct. 22, 2019 Op. & Order 3 ("The Court concludes that Plaintiffs acted diligently in seeking to amend when they became aware of the new information, and that the failure to request an extension before the deadline expired was due to excusable neglect, so will not deny the request for untimeliness."). This analysis, conducted in the Order granting the Motion for Leave to Amend, and described in the Order denying the Motion to Reconsider, is a correct application of the standard. *See Alioto*, 651 F.3d at 719; *BKCAP, LLC v. Captec Franchise Tr. 2000-1*, 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)); *see also Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) ("A motion filed before the deadline may be granted 'for good cause'[;] a motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'" (quoting Fed. R. Civ. P. 6(b) (1)(A), (B))). To the extent the Defendants argue particularly that a failure to calendar the appropriate deadline can never be considered excusable neglect, the case law does not support the argument; thus, the Magistrate Judge's denial of the Motion to Reconsider is not contrary to law. *See, e.g., Saul v. Prince Mfg. Corp.*, No. 1:12-CV-270, 2013 WL 228716, at *2 (N.D. Ind. Jan. 22, 2013) ("Errors in calendaring deadlines can, but do not necessarily, constitute good cause or excusable neglect for missing deadlines.")

(collecting and comparing cases); *see also Hanson v. Gladieux*, No. 1:16-cv-201, 2017 WL 4385442, at *1 (N.D. Ind. Oct. 2, 2017) (collecting cases finding excusable neglect for calendaring error).

Second, as to whether the expert report constituted new information, the Order on the Motion to Reconsider notes: "This argument not only could have been made during the prior motion, but was made, and the Court addressed it in the earlier opinion." Oct. 22, 2019 Op. & Order 3. In the Motion to Reconsider, the Defendants expanded their argument that the expert's opinion does not constitute new evidence by explicitly linking it to the expert's involvement in Defendant Wagoner's criminal case, but the Magistrate Judge is correct: as early as their original Response Objecting to the Motion for Leave to Amend, the Defendants were arguing that the evidence on which the expert predicated his report was nearly seven years old and thus not newly discovered. *See* Defs.' Resp. Objecting to Pls.' Mot. for Leave to File a Second Am. Compl. 10. Thus, the Magistrate Judge's Order denying the Motion to Reconsider on that basis is correct, as the Defendants did not meet the standard necessary to reconsider a valid order: either the argument has already been addressed, or should have been raised in the first instance.

## CONCLUSION

For the reasons stated above, the Defendants' Rule 72(a) Objection to Order Denying Motion for Reconsideration [ECF No. 61] is OVERRULED, and the Third Amended Complaint [ECF No. 83] is ACCEPTED.

SO ORDERED on March 31, 2021.

                                                s/ Theresa L. Springmann
                                                JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT