UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF INDIANA,<br>            Plaintiffs,<br><br>   v.<br><br>DONALD J. WAGONER and WAGONER MEDICAL CENTER, L.L.C.,<br>            Defendants. | CAUSE NO.: 2:17-CV-478-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants Donald J. Wagoner and Wagoner Medical Center, L.L.C.'s Motion to Reconsider [ECF No. 154] filed on February 16, 2023.

On February 07, 2023, the Court entered an Opinion and Order [ECF No. 153] denying the Defendants' Motion to Dismiss [ECF No. 109]. The Defendants thereafter filed this Motion to Reconsider; the Plaintiffs filed a response [ECF No. 155]; and the Defendants filed a reply [ECF No. 156]. The Plaintiffs then filed a Joint Motion that the Court Decline to Consider Arguments Raised for the First Time in Defendants' Reply Brief, or, Alternatively, for Leave to File a Sur-Reply Brief [ECF No. 157]. The Defendants filed a response to the Plaintiffs' joint motion [ECF No. 158]. This matter is ripe for ruling. Based on the following, the Court denies the Defendants' Motion and denies as moot the Plaintiffs' Joint Motion for leave to file a sur-reply.

**ANALYSIS**

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b); *see also Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (noting Rule 54(b) "provides that non-final orders may be revised at any time before the entry of a judgment" (citation and quotation mark omitted)). "Motions to reconsider serve a narrow

function: 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Cheese Depot, Inc. v. Sirob Imports, Inc.*, No. 14 C 1727, 2019 WL 1505399, at *1 (N.D. Ill. Apr. 5, 2019) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). "A manifest error of law or fact under this standard occurs when a district court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 912 (N.D. Ill. 2015) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). In explaining the value of a motion for reconsideration, the Seventh Circuit has remarked it serves to correct "'[a] grievous wrong [] committed by some misapprehension or inadvertence by the judge for which there would be no redress, if this power did not exist.'" *Bank of Waunakee*, 906 F.2d at 1191–92 (quoting *Belmont v. Erie Ry.*, 52 Barb. 637, 641 (N.Y. App. Div. 1869)).

Many district courts in this circuit have held that a party urging reconsideration under 54(b) due to a manifest error of law or fact "bears a heavy burden." *Patrick*, 103 F. Supp. 3d at 912(quoting *Zurich Capital Mkts., Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. Aug. 22, 2005)); *see also Brownlee v. Catholic Charities of the Archdiocese of Chi.*, No. 16-CV-665, 2022 WL 602535, at *2 (N.D. Ill. Mar. 1, 2022); *Abrams v. FedEx Ground Package Sys., Inc.*, No. 3:19-CV-01391, 2022 WL 1172161, at *1 (S.D. Ill. Apr. 20, 2022); *Shreffler v. City of Kankakee*, No. 19-CV-2170, 2021 WL 6200763, at *1 (C.D. Ill. Nov. 29, 2021 *Fresenius Med. Care Midwest Dialysis LLC v. Humana Ins. Co.*, No. 16-CV-711, 2018 WL 708342, at *1 (E.D. Wis. Feb. 5, 2018) ("In general, 'litigants must fight an uphill battle in order to prevail on a motion for reconsideration.'" (quoting *Williams v. Miscichoski*, No. 06-C-1124, 2007 WL 4410382, at *1 (E.D. Wis. Dec. 14, 2007))).

The Defendants argue the Court's February 7, 2023 Opinion and Order [ECF No. 153] denying the Defendants' motion to dismiss should be reconsidered because the Court made an error

2

of apprehension in its ruling. The Defendants do not argue the Opinion and Order made any factual error. Rather, the Defendants contend the error of apprehension occurred because the Court's Opinion and Order contradicts its October 25, 2021 Order [ECF No. 101] ruling on a discovery matter, specifically, the scope of reopened discovery after the Plaintiffs filed their Third Amended Complaint. The Defendants also generally contend that October 25, 2021 Order demonstrates the Court's legal error in finding the medical necessity theory of fraud either constituted the same factual claim as the coding theory of fraud or related back to the pleadings asserted in the Plaintiffs' original complaint. The Defendants argue that the fact that the Court found additional discovery was warranted shows "that the coding claim and the medical necessity claim lacked this requisite commonality of factual allegations." ECF No. 154 at 6. The Plaintiffs respond that the two Orders do not contradict each other and that the Court's February 7, 2023 Opinion and Order was sound for the reasons contained therein.

Even assuming the Court's Opinion and Order denying the Defendants' motion to dismiss did contradict its earlier October 25, 2021 discovery ruling, the Defendants do not provide legal support for or otherwise explain how such a contradiction would warrant vacating its February 7, 2023 Opinion and Order. While the Defendants make conclusory statements that the Court's analysis is incorrect, they do not give legal support for their position and do not provide reasoning as to how a discrepancy between an order on a dispositive motion and a prior discovery order could constitute a manifest error of law or fact.

The argument that a dispositive order's contradiction with a nondispositive ruling aimed at resolving discovery disputes constitutes an error of apprehension resembles a legal argument premised on the law-of-the-case doctrine, which the Defendants briefly reference for the first time in their reply. The law-of-the-case is a discretionary judicial doctrine that "'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent

3

stages in the same case.'" *Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). That doctrine, however, "does not apply at all where the precise issue presented differs from the one decided earlier." *Id.* at 954 (citation omitted).

The Defendants fail to carry their heavy burden of demonstrating reconsideration is appropriate because the Court's October 25, 2021 discovery Order was not concerned with and did not rule on or assess whether the Plaintiffs' medical necessity and coding theories of fraud arose from the same common core of facts or whether they related back under Federal Rule of Civil Procedure 15(c). The October 25, 2021 Order addressed the parties' dispute as to the length of time for and the scope of additional discovery related to the Third Amended Complaint. ECF No. 101 at 1. The Plaintiffs sought to reopen discovery to create a statistically valid random sample (SVRS) based on patient files. *Id.* at 3.[1] The Plaintiffs originally proposed that they be permitted to draw their own SVRS and requested the patient records for that sample but revised their proposal and requested to use the Defendants' SVRS and the patient records it was based on. *Id.* The Defendants' SVRS was created to defend against the Plaintiffs' coding theory. *See* ECF No. 97 at 5–6. The Defendants opposed the Plaintiffs' discovery request on the grounds that there was no difference in the number of claims between the medical necessity and coding theories and the Plaintiffs ought to have already conducted a SVRS for coding and were attempting to improperly leverage the medical necessity theory as a remedy to a prior strategic decision concerning the method the Plaintiffs had chosen to prove their claims. In briefing on the matter, the Defendants argued, "had the Government . . . employ[ed] a valid sampling and extrapolation methodology in its coding review, we would not be

---

[1] Statistical sampling is a probability sample drawn from the sampling frame of a target population that yields a valid estimate of an overpayment in a target population, and it is an appropriate method for establishing liability in False Claims Act cases such as this one. *See, e.g.*, *United States v. Robinson*, No. 13-CV-27, 2015 WL 1479396, at *11 (E.D. Ky. Mar. 31, 2015).

litigating this present issue and the Government would be able to use the same sample in the medical necessity review." *Id.* at 9.

While the Defendants contend they relied on the Court's October 5, 2021 Order in drafting their motion to dismiss, the Court observes that their motion to dismiss clearly argues the Plaintiffs' medical necessity theory of fraud did not relate back to the first-pleaded theory of coding fraud. ECF No. 125 at 20–23. Because, even if the Defendants did rely on the prior discovery order, the Defendants do not explain how or even argue that they suffered any prejudice from such reliance, nor do they show with this argument that the Opinion and Order resulted in any "grievous wrong . . . for which there would otherwise be no redress." *Bank of Waunakee*, 906 F.2d at 1191–92 (quoting *Belmont*, 52 Barb. at 641). The Defendants raise no other bases for reconsideration.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES the Defendants' Motion to Reconsider [ECF No. 154]. The Joint Motion that the Court Decline to Consider Arguments Raised for the First Time in Defendants' Reply Brief, or, Alternatively, for Leave to File a Sur-Reply Brief [ECF No. 157] is denied as moot.

SO ORDERED on August 8, 2023.

                                                    s/ Theresa L. Springmann
                                                    JUDGE THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT