UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., Plaintiffs, v. DON J. WAGONER, et al., Defendants. | CASE NO. 2:17-CV-478-HAB |

**OPINION AND ORDER**

Before the Court is Defendants' Don J. Wagoner and Wagoner Medical Center, LLC (collectively "Defendants") Motion to Exclude Damages Spreadsheets, in which they argue the Exhibits attached to Plaintiffs' Amended Complaint (ECF No. 83) should be excluded from trial for a host of alleged deficiencies. (ECF No. 209). Defendants purportedly moved to exclude these spreadsheets pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), which govern the admissibility of expert testimony. *See Autotech Tech Ltd. P'ship v. Automationdirect.com*, 471 F.3d 745, 749 (7th Cir. 2006) ("The district court is a 'gate-keeper' who determines whether proffered expert testimony is reliable and relevant before accepting a witness as an expert."). But Defendants' motion suffers from a fatal flaw because there has never been an expert witness designated regarding the creation of these spreadsheets, a fact on which they opine extensively. Because there is no designated expert witness, this is not a proper *Daubert* motion and Rule 702 does not apply. On that ground alone, Defendants' Motion to Exclude Damages Spreadsheet is DENIED.[1]

---

[1] That said, even if Rule 702 *did* apply, Plaintiffs explicitly conceded in their response brief that they had no intention of introducing the spreadsheets at trial (ECF No. 213, at 2), thus mooting Defendants' motion.

To the extent the Defendants are attempting to challenge the admissibility of the underlying claims data from which the spreadsheets were compiled, that is an evidentiary argument to be made as a motion in limine, not a *Daubert* motion. As specified in the Scheduling Order, motions in limine and supporting briefs are to be filed not later than twenty days prior to the final pretrial conference (ECF No. 208, at 4)—here, November 19, 2025. Given the sheer volume of underlying claims, however, any motion in limine directed at the underlying claims must be filed by October 31, 2025, with a response deadline of November 10, 2025, and a reply deadline of November 14, 2025. Any motion in limine filed should categorize the claims by objection or evidentiary basis, claim type, or another way that makes sense to the parties and simplifies the review of the evidence for the Court.

For these reasons, Defendants' Motion to Exclude Damages Spreadsheets (ECF No. 209) is DENIED. Should Defendants wish to challenge the admissibility of the underlying claims data with a motion in limine, that motion must be filed by October 31, 2025, and the briefing schedule set forth in this Opinion and Order will apply to that motion.

**SO ORDERED** this 21st day of October 2025.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT